UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK M. GARGIULO & SON, INC., d/b/a GARGIULO PRODUCE,<br><br>                Plaintiff,<br><br>      v.<br><br>ACAI CAFÉ LLC d/b/a ACAI CAFÉ AND JOSEPH RODRIGUEZ,<br><br>                Defendant. | Civil Action No. 1:23-cv-04018<br><br>**MEMORANDUM ORDER** |

**O'HEARN, District Judge.**

      **THIS MATTER** comes before the Court by way of an application for an Order to Show Cause for a Temporary Restraining Order, filed *ex parte*, by Frank M. Gargiulo & Son, Inc., d/b/a Gargiulo Produce ("Plaintiff") pursuant to the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a. (ECF No. 4). This Court has jurisdiction under 7 U.S.C. § 499e(c)(5)(i) and 28 U.S.C. § 1331. For the reasons that follow, Plaintiff's application for issuance of a Temporary Restraining Order is **GRANTED in part and DENIED in part**.

    **I.**    **Background**

      Plaintiff sells wholesale quantities of produce and is a licensed dealer under PACA. (Compl., ECF No. 1, ¶ 1). Defendant Acai Café LLC d/b/a Acai Café and Joseph Rodriguez ("Defendants") buy wholesale produce and sell it in retail commerce. (Compl., ECF No. 1, ¶ 2). Plaintiff alleges Defendants are retailers and dealers under the PACA. (Compl., ECF No. 1, ¶ 2).

      Plaintiff alleges that between December 3, 2022, and April 12, 2023, it sold and delivered wholesale amounts of produce worth $13,041.80 to Defendants. (Compl., ECF No. 1, ¶ 8). Plaintiff alleges that Defendants accepted the produce and agreed to pay the principal amount under the

parties' contract. (Compl., ECF No. 1, ¶ 8). Plaintiff also alleges that when Defendants accepted the produce, Plaintiff "became a beneficiary in a floating, non-segregated statutory trust ("PACA Trust") designed to assure payment to produce suppliers." (Compl., ECF No. 1, ¶ 9). Plaintiff alleges that it preserved its interest in the PACA Trust in the amount of $13,041.80 by delivering invoices to Defendants containing the requisite statutory language under 7 U.S.C. § 499e(c)(4). (Compl., ECF No. 1, ¶ 11).

**II.     Legal Standard**

Federal Rule of Civil Procedure 65 empowers courts to grant temporary and preliminary injunctive relief when warranted. Fed. R. Civ. P. 65. "[I]njunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To obtain a temporary restraining order or preliminary injunction under the Rule, a movant must show—

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted .... [In addition,] the district court, in considering whether to grant [temporary or preliminary relief], should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 174 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transam. Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)); *Zaslow v. Coleman*, 103 F. Supp. 3d 657, 662 (E.D. Pa. 2015) ("The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction."). Of these factors, the first two are "most critical," and a movant's failure to establish either at the "gateway" requires the denial of the requested relief. *Reilly*, 858 F.3d at 179 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

### III. Issuance of a Temporary Restraining Order is Appropriate

Plaintiff seeks a temporary restraining order preventing Defendants from dissipating its inventory and accounts receivable to creditors other than those like Plaintiff, who have preserved trust benefits under the PACA. (Br., ECF No. 4-2 at 3). In support of its application, Plaintiff submits a declaration from Lee Pakulsly, an agent of Plaintiff, who monitors Plaintiff's sales and supervises the collection of money. (Pakulsly Cert., ECF No. 4-4, ¶ 4). Pakulsly certifies that Defendants have not disputed the amount due and have "shown they have no intention to pay the outstanding invoices." (Pakulsly Cert., ECF No. 4-4, ¶ 8–9). Indeed, Pakulsly states despite Plaintiff's repeated demands, Defendants have advised that no payment would be forthcoming and have tendered checks returned for insufficient funds. (Pakulsly Cert., ECF No. 4-4, ¶ 9).

Here, Plaintiff has shown that immediate and irreparable loss will result before Defendants can be heard in opposition. Under the circumstances as currently presented, the Court finds that temporary restraints would prevent further dissipation of the PACA Trust funds. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011) (issuing temporary restraining order without notice because plaintiff had shown that immediate and irreparable injury, loss, or damage would result before the adverse party could be heard in opposition, among other reasons); *S. Katzman Produce, Inc. v. Depiero's Farm, Inc.*, No. 12-1384, 2012 WL 764235, at *1 (D.N.J. Mar. 7, 2012) (issuing temporary restraining order without notice to the defendant given defendant's inability to pay).

Turning to the factors, first, the Court finds that Plaintiff is likely to succeed on the merits. Plaintiff has proffered evidence that it is a beneficiary of the PACA Trust, that Defendants were on notice that Plaintiff's produce was sold subject to the PACA Trust, and that there is a debt overdue and owing to Plaintiff. Indeed, the PACA Trust was established to ensure payment to

suppliers:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.

7 U.S.C.A. § 499e(c)(2). Here, Plaintiff is a beneficiary of the PACA Trust, with an outstanding debt owed by Defendants.

Second, the Court finds that Plaintiff will be irreparably injured without temporary restraints as there is a likelihood that the PACA Trust funds will be further dissipated if such relief is not granted. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 139 (3d Cir.2000) ("We conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent the dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer."); *S. Katzman Produce, Inc.*, 2012 WL 764235, at *1 (finding likelihood that PACA Trust fund would be dissipated if a TRO was not put in place given the defendant's inability to pay, among other reasons). Here, Plaintiff, as a beneficiary to the PACA Trust, will be irreparably harmed if the funds continue to dissipate while they remain unpaid. Indeed, Plaintiff alleges that not only have Defendants tendered checks with insufficient funds but have advised Plaintiff that no payment would be forthcoming. (Pakulsly Cert., ECF No. 4-4, ¶ 9). This proffered evidence distinguishes this case from *Frank M. Gargiulo & Son, Inc. v. Villa Pizza Enterprises Ltd., Inc.*, No. 23-3094, 2023 WL 4145538 (D.N.J. June 22, 2023) (Neals, J.), where Plaintiff merely certified that Villa Pizza's "failure, refusal, and inability to pay" the amount due demonstrated that Villa Pizza was dissipating PACA Trust funds. *Id.* Given that the "mere

4

assertion of nonpayment does not indicate the insufficiency or misuse of PACA Trust assets," the Court denied Plaintiff's application for temporary restraints without notice because Plaintiff did not make a clear factual showing of dissipation. *Id.* at *1 (quoting *Frank Gargiulo & Son, Inc. v. Brownstone House, Inc.*, No. 20-12433, 2020 WL 5542779, at *1 (D.N.J. Sept. 16, 2020)).

Unlike that case, here, Plaintiff's agent certified that Defendants have tendered checks with insufficient funds and have advised that no payment would be forthcoming. While Plaintiff also maintains that Defendants are liquidating their assets and paying non-trust debts with PACA Trust funds, there is no support in the present record for these statements and the Court gives them no weight in its analysis.[1] Nevertheless, given Pakulsly's certification as to the bounced checks and statement that no further payment would be made, a temporary restraint will preserve the status quo until a complete hearing is held.

Third, the Court finds that Plaintiff has demonstrated that the possibility of harm to Defendants is minimal. To be sure, PACA Trust funds cannot be used for any purpose other than to pay unpaid produce suppliers. *See S. Katzman Produce, Inc.*, 2012 WL 764235, at *1 ("The Defendants have no right to use the PACA Trust funds for any purpose other than to pay Plaintiff for the produce it received. To that end, the entry of temporary restraints serves that purpose without harm to any cognizable interest of the Defendants."). Yet, while the Court will temporarily restrain Acai Café LLC's assets, the Court denies any application for temporary restraints related to Defendant Joseph

---

[1] Plaintiff merely asserts these facts in its brief and in its attorney's certification but there is no factual support for these statements by anyone with personal knowledge of these facts. Moreover, Plaintiff's attorney's certification improperly cites case law, including a report and recommendation, which is not only improper to include in a certification but also not a final order. *See* Local Rule 7.2(a) ("Affidavits, declarations, certifications . . . shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions, or both.").

Rodriguez's personal assets as those assets are unrelated to the PACA Trust and Plaintiff has made no showing as to any factual or legal basis for such relief.

As to the final factor, the public interest will be served as the PACA specifically expressed the importance of protecting the interests of produce suppliers. *See Spectrum Produce Distrib., Inc.*, 2011 WL 13063669, at *2 ("Congress has expressed itself in unequivocal terms in PACA of the importance of protecting the interest of the produce of purveyors in these interstate transactions."). Here, Plaintiff, as a produce supplier who has not been paid for its produce, is within the precise class PACA seeks to protect.

For these reasons, under these present circumstances, the issuance of a Temporary Restraining Order is appropriate as to Defendant Acai Café LLC. Accordingly, the accompanying Order to Show Cause for issuance of a Temporary Restraining Order will be entered. Defendant Acai Café LLC is restrained from alienating, dissipating, paying over or assigning any assets except for payment to Plaintiff until further Order of this Court, or until Defendant Acai Café LLC pays Plaintiff the sum of $13,041.80 plus interest, costs, and attorney's fees. The application for restraints as to Defendant Joseph Rodriguez is denied.

The temporary restraints can be dissolved upon application of Defendant Acai Café LLC on at least two days' notice, for good cause shown after a hearing. The Preliminary Injunction hearing will take place on **Wednesday, August 16, 2023, at 2:00 p.m.** before the undersigned in Courtroom 5D, United States Courthouse, 4th and Cooper Streets, Camden, New Jersey. The briefing schedule is set forth in the accompanying Order.

                                          */s/ Christine P. O'Hearn*
                                          CHRISTINE P. O'HEARN
                                          United States District Judge